

U.S. Department of Justice

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*
*Courthouse*

*John Joseph Moakley United States*

*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 14, 2020

BY ELECTRONIC MAIL TO nathanlaw@earthlink.net

Geoffrey G. Nathan, Esq.
132 Boylston Street, 5th Floor
Boston, Massachusetts 02116

    Re:    Austin Nedved

Dear Mr. Nathan:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Austin Nedved ("Defendant"), agree as follows with respect to the above-referenced case:

1. <u>Change of Plea</u>

Defendant will waive indictment and plead guilty to an Information charging him with aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count 1), and with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 2). Defendant admits that he committed the crimes specified in the Information and is in fact guilty of each one. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

Defendant agrees to the accuracy of the attached statement of facts.

2. <u>Penalties</u>

Defendant faces the following maximum penalties:

1

For aiding and abetting wire fraud, incarceration for 20 years, supervised release for 3 years, a fine of $250,000 or twice the gross gain or twice the gross loss, whichever is greater; restitution; and forfeiture to the extent charged in the Information.

For money laundering conspiracy, incarceration for 20 years, supervised release for 3 years, a fine of $500,000 or twice the value of the funds involved in the financial transactions that were the object of the conspiracy, whichever is greater; and forfeiture to the extent charged in the Information.

3. <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges that he may not withdraw his plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Sentencing Guidelines</u>

The U.S. Attorney will take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). Except where noted below, the parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

The parties agree that Count 1 (bank fraud) and Count 2 (money laundering conspiracy) group within the meaning of USSG § 3D1.2.

- The parties agree that Defendant's base offense level is 7. (USSG § 2B1.1(a)(1));

- The parties agree that Defendant's offense level is increased by 14 levels because the loss was more than $550,000 but not more than $1,500,000. (USSG § 2B1.1(b)(1)(H));

- The U.S. Attorney will argue that the Defendant's offense level is increased by 2 levels because the offense resulted in substantial financial hardship to one or more victims. (USSG § 2B1.1(b)(2)(C)). Defendant reserves the right to oppose this increase;

- The parties agree that Defendant's offense level is increased by 2 levels because a substantial part of the fraudulent scheme was committed from outside the United States and the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct

2

constituting sophisticated means. (USSG § 2B1.1(b)(10)(B) and (C));

- The parties agree that Defendant's offense level is increased by 2 levels because his offense of conviction includes 18 U.S.C. § 1956. (USSG § 2S1.1(b)(2)(B)).

- The U.S. Attorney will argue that Defendant's offense level is increased by 2 levels because he knew or should have known that a victim of the offense was a vulnerable victim. (USSG § 3A1.1(b)(1)). Defendant reserves the right to oppose this increase; and

- The parties agree that Defendant's offense level is decreased by 3 levels because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement, including, but not limited to, his agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

  (i) Transfers any asset protected under any provision of this Plea Agreement; or

  (j) Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

  (a) incarceration at the low end of the Guidelines sentencing range as calculated by the Court;

  (b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

  (c) 36 months of supervised release;

  (d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court on or before the date of sentencing;

  (e) restitution totaling $569,750.80; and

  (f) forfeiture as set forth in Paragraph 8.

The U.S. Attorney and Defendant further agree that, pursuant to 18 U.S.C. § 3584(a), the Court should run 12 months of Defendant's sentence in this case consecutively to the sentence imposed on Defendant in *United States v. Ologeanu et al*, 5:19-cr-00010-JMH-MAS, in the United States District Court for the District of Kentucky ("the Ologeanu Matter"). The U.S. Attorney and the Defendant further agree that the remainder of the Defendant's sentence should be concurrent with Defendant's sentence in the Ologeanu Matter.

The U.S. Attorney and Defendant further agree that the sentence imposed in this case is not intended to affect Defendant's ability to earn good time credit on the sentence he serves in the Ologeanu Matter.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Without the written approval of the U.S. Attorney, Defendant agrees not to transfer, or to cause or allow anyone else to transfer, (a) any asset that has been restrained by the Court or which

4

Defendant has agreed to forfeit under this Agreement; or (b) any other asset in which Defendant has an interest.

The parties also agree, however, to the following exceptions to the above. Defendant is free to transfer, or to cause or allow others to transfer:

    (a)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000;

    (b)    Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and

    (c)    Attorney's fees incurred in connection with this criminal case.

The prohibitions in this paragraph remains in effect until Defendant has paid any fine, forfeiture, or restitution ordered by the Court.

Defendant also agrees to complete, truthfully and accurately, the enclosed sworn financial statement within 30 days of signing this Agreement.

7. <u>Waiver of Right to Appeal and to Bring Future Challenge</u>

    (a)    Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

    (b)    Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241.

5

Defendant also waives any right Defendant may have under 18 U.S.C. § 3582(c)(2) to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

(c) The U.S. Attorney agrees that he will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d) Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) that the prosecutor or a member of law enforcement involved in this case engaged in misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

8. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. $551,987.95, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that $551,987.95 is subject to forfeiture on the grounds that it is equal to proceeds of Defendant's offense and/or it was involved in Defendant's offense.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents the amount of proceeds that the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other

property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

Without limiting the above, Defendant states that Defendant is the sole and lawful owner of, and consents to forfeiture of, the following substitute assets pursuant to this agreement:

    a.    $1,800 in United States currency, seized on December 14, 2018, from Fnu Lnu, in Boston, Massachusetts; and

    b.    $5,000 in United States currency seized from Austin Nedved on June 26, 2019, from 495 Summer Street, Suite 600, Boston, Massachusetts.

Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases Defendant's claims to:

  a. $440,000 in United States currency, seized on December 11, 2018, from Austin Nedved, in Shrewsbury Massachusetts;

  b. $33,654.95 in United States currency, seized on December 11, 2018, from Austin Nedved, in Shrewsbury Massachusetts; and

  c. $670 in United States currency, seized on December 11, 2018, from Austin Nedved, in Northborough, Massachusetts

seized by, or turned over to the Department of Homeland Security, Customs Border Protection on or about the dates above, as to which, Defendant hereby acknowledges, Defendant received actual notice of administrative or civil judicial forfeiture proceedings on January 8, 2019.

Without limiting the generality of the foregoing, Defendant hereby also specifically waives and releases Defendant's claims to:

  a. $8,000 in United States currency, seized on December 14, 2018, from Cong Nguyen, in Boston, Massachusetts;

  b. $1,500 in United States currency, seized on December 14, 2018, from Joseph Fallstrom, in Boston, Massachusetts;

  c. $9,000 in United States currency, seized on December 14, 2018, from Joseph Fallstrom, in Boston, Massachusetts;

  d. $10,000 in United States currency, seized on December 14, 2018, from J. Merrell, in Boston, Massachusetts;

  e. $11,220 in United States currency, seized on December 14, 2018, from Jordan Dunbar, in Boston, Massachusetts;

  f. $1,700 in United States currency, seized on December 14, 2018, from Charles Thomas, in Boston, Massachusetts;

  g. $1,800 in United States currency, seized on December 14, 2018, from Anthony Ufkin, in Boston, Massachusetts;

  h. $1,500 in United States currency, seized on December 14, 2018, from Russ Williams, in Boston, Massachusetts;

  i. $4,400 in United States currency, seized on December 14, 2018, from Adam Vito, in Boston, Massachusetts;

j.      $2,000 in United States currency, seized on December 14, 2018, from RDT LNU, in Boston, Massachusetts;

k.      $10,743 in United States currency, seized on December 14, 2018, from Holden Smith, in Boston, Massachusetts; and

l.      $9,000 in United States currency, seized on December 14, 2018, from Jon Wray, in Boston, Massachusetts

seized by, or turned over to the United States Postal Inspection Service on or about the dates above, as to which, Defendant hereby acknowledges, Defendant received actual notice of administrative or civil judicial forfeiture proceedings on or about February 7, 2019.

9.   Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

10.   Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

11.   Withdrawal of Plea by Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

12.   Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have

been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

13.  Who is Bound by Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Modifications to Plea Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Seth B. Kosto and David J. D'Addio.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
AMY HARMAN BURKART
Chief, Cybercrime Unit

_____
SETH B. KOSTO
DAVID J. D'ADDIO
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses, and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Plea Agreement is in my best interest.

Austin Nedved
Defendant

Date: 5/23/20

I certify that Austin Nedved has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

Geoffrey Nathan, Esq.
Attorney for Defendant

Date: 5/8/2020

12