IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AUSTIN EDWARD NEDVED | Case No. 20-CR-40015-TSH |

DEFENDANT'S PRO SE MOTION FOR A
SENTENCE REDUCTION UNDER 18 U.S.C. §3582

NOW COMES Defendant Austin Edward Nedved, *pro se* (hereinafter "Mr. Nedved") and hereby moves pursuant to 18 U.S.C. §3582 (c)(2) for a reduction of his term of imprisonment based upon recent changes to the United States Sentencing Guidelines which are retroactively effective to his benefit. In support of this Motion, Mr. Nedved shows unto the Court the following:

BACKGROUND & JURISDICTION

1. On or about June 8, 2020, a Criminal Information was issued naming Mr. Nedved as the defendant [DE #1]. There were two counts in the Information related to a fraudulent scheme in which Mr. Nedved was engaged. Mr. Nedved pled guilty to both counts via a Plea Agreement.

2. Mr. Nedved was sentenced in this Court on or about April 13, 2021. Under the Plea Agreement, the Government and Mr. Nedved, by and through counsel, stipulated to a term of imprisonment of 97 months and 17 days, with an additonal 12 months imprisonment to be served consecutively to that sentence.

3. Mr. Nedved, at the time of his sentence, was serving a sentence of imprisonment arising from a separate, but factually related case, out of the Eastern District of Kentucky, Case

No. 5:18-CR-81-17. In that case, Mr. Nedved was sentenced to a total of 94 months imprisonment. In reading the Plea Agreement, at the time, the parties intended Mr. Nedved to serve 12 months in prison in addition to the time he would ultimately serve in connection with the Kentucy case.

4. There was nothing in the Plea Agreement that does or would limit or preclude Mr. Nedved from seeking a reduction of his term of imprisonment in this case based upon retroactively effective amendments to the U.S. Sentencing Guidelines.

5. Upon information and belief, two additional criminal history points were added under U.S.S.G. §4A1.1(d) at the time Mr. Nedved was sentenced, for his having committed the instant offenses in this case while under a "criminal justice sentence." Further, upon information and belief, the addition of the two criminal history points increased Mr. Nedved's sentence of imprisonment in this case beyond the amount of time he would otherwise have served.

6. This Motion is brought under 18 U.S.C. §3582(c)(2), which does not require Mr. Nedved to exhaust any administrative remedies as a jurisdictional pre-requisite to his bringing this Motion.

7. As this Court sentenced Mr. Nedved to the term of imprisonment he now seeks to be reduced through this Motion, this Court has subject matter jurisdiction over this Motion.

## MOTION UNDER 18 U.S.C. §3582

8. 18 U.S.C. §3582 (c)(2) state, in relevant part, as follows:

> [The court may not modify a term of imprisonment once it has been imposed except that...] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994 (o) upon motion of the defendant or the

2

> Director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §3553 (a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

9. Mr. Nedved is "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

10. Effective November 1, 2023, the U.S. Sentencing Commission passed "Amendment 821" to the U.S. Sentencing Guidelines.

11. "Part A" of Amendment 821 addresses "status points" for offenders. The amendment redesignates the former subsection (d) of U.S.S.C. §4A1.1 as subsection (e), which addresses "status points." Under the previous "status points" provision, two criminal history points were added under U.S.S.C. §4A1.1(d) if the defendant committed the instant offense "while under any criminal justice sentence, including probation, supervised release, imprisonment…"

12. The amendment limits the overall impact "status points" have on criminal history. As revised, the "status points" provision under the redesignated subsection (e) provides that offenders with six or fewer criminal history points under subsections (a) through (d) will no longer receive <u>any</u> "status points." Also, the Amendment reduces from two points to one point the "status points" of those with seven or more criminal history points.

13. Accordingly, under the new U.S.S.C. §4A1.1, as amended, Mr. Nedved would be entitled to be resentenced at a lower Criminal History category on the Sentencing Table.

14. As stated above, Amendment 821 is retroactively effective and squarely applies to Mr. Nedved's case here.

## APPLYING THE SECTION 3553(a) FACTORS

15. Under 18 U.S.C. §3553, any criminal justice sentence must be sufficient but not greater than necessary to achieve the goals of sentencing. Subsection (a) of this statue provides, in relevant part, as follows:

> The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>     (B) to afford adequate deterrence to criminal conduct;
>
>     (C) to protect the public from further crimes of the defendant; and
>
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment…
>
> [******]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

16. As a preliminary and overarching matter, the U.S. Sentencing Commission has already determined, as a matter of public policy, that those who were assessed "status points," like Mr. Nedved, should be resentenced at a lower range. Bearing this in mind, the factors in §3553(a) weigh in favor of a reduced sentence here.

17. First, as to 18 U.S.C. §3553(a)(1), Mr. Nedved does not dispute the severity of the crime or his culpability. Mr. Nedved is simply requesting that he be resentenced at the applicable range prescribed by the U.S. Sentencing Commission. Concerning the nature and characteristics of the Defendant, Mr. Nedved: He is presently in his early 30s. Mr. Nedved comes from a close-knit family in the Boston, Massachusetts area. Mr. Nedved has attended two years of college studies and then enlisted in the United States Marine Corps. Neither endeavor ultimately was a success; however, these both demonstrate a level of intelligence and initiative. Underlying Mr. Nedved's criminal conduct and some of his personal struggles is long-term addiction to narcotics. Mr. Nedved's struggle with addiction does not excuse his behavior, but it certainly played an influencing role. Mr. Nedved made multiple efforts to thwart his addiction, even completing a drug abuse program while he was under pre-trial release in the Eastern District of Kentucky case. Moreover, Mr. Nedved, since coming into the custody of the Bureau of Prisons, has engaged in multiple voluntary programs, including the Residential Drug Abuse Program ("RDAP"). RDAP is a voluntary 500+ hour substance abuse and mental health program that is intensive with cognitive behavioral therapy. Mr. Nedved is presently enrolled in RDAP and has successfully met all of his prescribed benchmarks to date. Upon Mr. Nedved's release to community confinement and beyond, he is committed to remaining in some level of care for substance abuse.

18. In light of the foregoing, Mr. Nedved's history and characteristics lend themselves to a reduce sentence of imprisonment under the framework of Amendment 821.

19. Applying 18 U.S.C. §3553(a)(2), starting with Subsection (A), a reduced sentence will still reflect the seriousness of the RICO Conspiracy offense, promote respect for the law and provide just punishment in this case.

20. As to subsection (B), a reduced sentence of imprisonment still affords adequate deterrence to similar criminal conduct.

21. The offenses involved in this case are clearly non-violent. According to the PSR and the complete absence of prior criminal behavior, Mr. Nedved has absolutely no history of violence. Consequently, the factor in 18 U.S.C. §3553(a)(2)(c) has no applicability here. There is no threat to public safety should Mr. Nedved's term of imprisonment be reduced.

22. Mr. Nedved does not have any educational or vocational needs which the BOP is uniquely suited to provide. Regarding other correctional treatment, as discussed above, Mr. Nedved has already taken advantage of various voluntary recidivism-reducing programs, including RDAP.

23. Lastly, regarding 18 U.S.C. §3553(a)(6), a reduction of Mr. Nedved's sentence of imprisonment is not only warranted, but it is necessary to avoid disparities in sentences among similarly situated defendants.

24. There are no Policy Statements contained in the U.S. Sentencing Guidelines inconsistent with the relief Mr. Nedved seeks in this Motion.

25. In sum, the greater weight of the §3553(a) factors weigh in favor of a reduced sentence of imprisonment based on a lower Criminal History Category in this case.

CONCLUSION

WHEREFORE, Defendant Austin Edward Nedved moves this honorable Court, under 18 U.S.C. §3582(c)(2), for a reduction of his sentence of imprisonment reflecting a recalculation of his Criminal History Category accounting for a reduction of two "status points."

This the 9th day of May, 2024.

*Austin Nedved*
Austin Edward Nedved, #22407-032
FCI Fort Dix
Box 2000
Unit 5852
Joint Base MDL, NJ 08640